*Guzman v. Bldg. Serv. 32BJ Pension Fund*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-four.

PRESENT:
>    RICHARD J. SULLIVAN,
>    WILLIAM J. NARDINI,
>    ALISON J. NATHAN,
>        *Circuit Judges*,

_____

CARLOS J. GUZMAN,

>    *Plaintiff-Appellant*,

>    v.                                              No. 23-8032

BUILDING SERVICE 32BJ PENSION FUND, PETER GOLDBERGER, Executive Director of the Fund, KYLE BRAGG, as Union Trustee, HOWARD I. ROTHSCHILD, as Employee Trustee of the Fund,

*Defendants-Appellees*,

RONALD RAAB, Legal Counsel of the
Fund,

*Defendant.*[*]

---

**For Plaintiff-Appellant:** CARLOS J. GUZMAN, *pro se*, New York, NY.

**For Defendants-Appellees:** ELISABETH OPPENHEIMER (Ramya Ravindran, *on the brief*), Bredhoff & Kaiser, P.L.L.C., Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 20, 2023 judgment of the district court is **AFFIRMED**.

Carlos Guzman, proceeding *pro se*, appeals from the district court's judgment dismissing his claims against the Building Service 32BJ Pension Fund (the "Fund") and others under the Employee Retirement Income Security Act of 1974 ("ERISA"). Guzman alleged that he was entitled to an actuarial increase in his pension payments because he deferred claiming his pension benefits for

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

several years after reaching normal retirement age. The district court dismissed his complaint after concluding that Guzman's claims were foreclosed by the plain language of the pension plan. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

"We review a dismissal for failure to state a claim *de novo*," assessing whether the facts pleaded in the complaint, "taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). Since Guzman has been *pro se* throughout these proceedings, we construe his filings to raise the strongest arguments they suggest. *See id.*

In interpreting an ERISA pension plan, we apply the "federal common law of rights and obligations under ERISA-regulated plans," which means that "we interpret and enforce unambiguous language in an ERISA plan according to its plain meaning." *Aramony v. United Way of Am.*, 254 F.3d 403, 411–12 (2d Cir. 2001) (internal quotation marks omitted). We assess whether plan language is ambiguous using an objective standard, against the backdrop of "the entire integrated agreement." *Id.* at 412 (internal quotation marks omitted).

3

Under the unambiguous terms of the 2018 Summary Plan Description (the "SPD"), which Guzman referenced in his complaint and concedes is the operative plan document, Guzman was not eligible for an actuarial increase to his pension benefits. The SPD section titled "When Pension Benefits Begin" makes clear that an employee is entitled to an actuarial increase only "[i]f *after terminating Covered Employment*, [he] wait[s] to begin [his] pension until after Normal Retirement Age." Fund App'x at 30 (emphasis added). As Guzman admits, he did not terminate his covered employment but rather remained employed in the building service industry after reaching the normal retirement age. This alone establishes that Guzman is not entitled to an actuarial increase under the SPD.

In response, Guzman points to the SPD's suspension rules, which prohibit employees whose benefits are suspended from collecting an actuarial increase. Suspension occurs when an employee retires and then returns to employment in the building service industry in Manhattan, Queens, Brooklyn, or Staten Island ("Disqualifying Employment") for more than forty hours a month after the age of sixty-five. *See id.* ("No [actuarial] increase will apply to months for which your benefit was suspended."); *id.* at 28 ("Pension payments will be suspended

4

for each month in which you work 40 or more hours in Disqualifying Employment."); *id.* at 43 (defining "Disqualifying Employment"). Guzman argues that because the SPD's suspension rules only apply to individuals who retire, begin receiving benefits, *and then* return to work, individuals like him, who simply continue working past age sixty-five without beginning to receive benefits, are entitled to an actuarial increase regardless of whether they engage in Disqualifying Employment. But this ignores the point made earlier that Guzman is not entitled to an actuarial increase precisely because he never terminated his Covered Employment in the first place. The suspension-of-benefits provision simply ensures identical treatment for those (like Guzman) who do not retire but continue working in the building service industry, and those who retire but then return to Disqualifying Employment. Construing the plan document as an integrated whole, we therefore conclude that the unambiguous language of the SPD does not permit an individual like Guzman, who continues working in the building service industry past retirement age, to receive an actuarial increase. *See Aramony*, 254 F.3d at 412.

Guzman raises two additional benefits-related arguments on appeal. First, he asserts that the Fund should return money he paid into the pension fund

after surpassing the maximum number of service credits needed to receive full monthly pension benefits. Second, he contends that the Fund miscalculated his pension benefits. But these arguments are barred because Guzman failed to raise them in his administrative appeal. *See Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 511 (2d Cir. 2002) (requiring "exhaustion of benefit claims brought under ERISA" whereby "claimants must pursue all administrative remedies provided by their plan pursuant to statute").

We have considered Guzman's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6